## Doc Elliott v. The State.

No. 14770.   Delivered January 20, 1932.

The opinion states the case.

*A. B. Crane,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, thirty days in the county jail and a fine of $25.

The charging part of the information, which follows the affidavit, is as follows:   "Doc Elliott having possession of forty-five bushels of corn, then and there being the property of Manuel Oribe and Luis Oribe by

virtue of being in the possession of the said Doc Elliott with the consent of Manuel Oribe, the said Doc Elliott did then and there unlawfully, and without the consent of Manuel Oribe or Luis Oribe, fraudulently convert the said forty-five bushels of corn, valued at Forty-five ($45.00) Dollars, to his, the said Doc Elliott's use and benefit and with intent to deprive the said Manuel Oribe and Luis Oribe, the owners thereof, of the value of the same."

It is manifest that this does not charge appellant with theft by bailee, that appearing to be the offense for which he is convicted. The information does not charge that Elliott had possession of the property by virtue of a contract of hiring or borrowing or other bailment, made with any person. The above allegation is necessary in charging this offense. No attack was made upon the affidavit which appears to be subscribed by "Manuel Uribe". The affidavit recites in its beginning that "I, Manuel Uribe". The jurat of the county attorney recites that the affidavit was sworn to and subscribed by Manuel "Oribe".

It is also apparent that the facts in evidence,—even if the allegation of the offense of theft by bailee had been sufficient,—would not make out a case against appellant for such offense. The alleged owner, Oribe, testified that when he left the farm of Mr. McKenzie he obtained permission from McKenzie to leave in a barn on said place certain corn. Oribe was succeeded in the tenancy of said place of McKenzie by this appellant who,—according to the testimony of a Mexican named Ledesma, an employee of appellant,—fed to his stock the corn of Oribe. It is plain that if the corn was left in the possession of McKenzie there could in no event be a conviction for conversion by bailee upon facts showing that there was no contract of hiring, borrowing or other bailment made by Oribe with this appellant.

Attention is also called to the fact that the affidavit and information allege the property to belong to two named persons, the want of consent of both being alleged. There is no proof in the record at all of the want of consent of one of said named owners. It is suggested that if it be desired to try appellant, that he be tried for theft, and that the affidavit, information or indictment, as the case might be, contain counts alleging the ownership to be in McKenzie in one count, and in Manuel Oribe in the other.

Believing the information and affidavit in the instant case to be fatally defective, the judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*